C. A. BAYLEY & CO., INC., v. FAUST

———

(June 16, 1930. Opinion and Decree.)

———

Marcus & Corkern, of New Orleans, attorneys for plaintiff, appellee.

Oliver S. Livaudais, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. This is a suit for $172.80, the alleged balance due for lumber sold and delivered by the plaintiff to the defendant during the months of June and July, 1928.

Defendant denied liability and averred that the plaintiff and defendant had entered into a written contract on June 21, 1928, whereby the plaintiff sold to the defendant certain lumber at so much per thousand feet and that the lumber was to be paid for as each 10,000 feet of it was hauled away by the defendant; that the defendant had hauled away about 10,000 feet and was in the act of removing another 10,000 feet when the plaintiff breached his contract and prevented defendant from hauling any more material away.

There was judgment in favor of the plaintiff, as prayed for, and defendant has appealed.

It appears from the record that the defendant employed an attorney, who filed an answer for him and also propounded cross-interrogatories to two witnesses for the plaintiff, whose testimony was taken out of court. This attorney withdrew from the case and the defendant employed another attorney, who likewise withdrew from the case and defendant went to trial without the benefit of counsel. Defendant then employed his present attorney, who filed a motion for an appeal and who urges the court not to consider the testimony taken out of court because certain formalities of law were not complied with, and particularly that the signature of the attorney originally employed was not signed to the stipulation waiving the formalities of law necessary in taking testimony. But without considering the testimony of the plaintiff's witnesses taken out of court by consent, we are convinced

from the testimony of the defendant and the dray receipts offered in evidence that the judgment of the trial court is correct.

For the reasons assigned the judgment appealed from is affirmed.